**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-09-201 |
| v. | § | (C.A. No. C-13-24) |
| | § | |
| JULIO GARZA, | § | |
| | § | |
| Defendant/Movant. | § | |

### ORDER DISMISSING RULE 60(B) MOTION FOR RELIEF AND DENYING A CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Julio Garza's Rule 60(b) motion for relief from this Court's previous dismissal of his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 157. He asks the Court to reconsider its previous ruling(s). For the reasons stated herein, the Court dismisses Garza's motion and denies him a certificate of appealability.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Garza was convicted of Possession with Intent to Distribute 10 kilograms of Cocaine after a jury trial and was sentenced to 240 months in the Bureau of Prisons, to be followed by 10 years supervised release. Garza had previously reached a plea agreement with the government, but during the plea colloquy, Garza did not admit that he knew there was cocaine in the vehicle. D.E. 81 at 17. The Court rejected his guilty plea and set the matter for trial. After the attempted guilty plea, the government filed its § 851 enhancement.

Garza appealed his conviction and sentence to the Fifth Circuit Court of Appeals. The Circuit Court dismissed his appeal on Garza's motion. D.E. 125. Garza then filed a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 126. That motion was denied and Garza was denied a Certificate of Appealability. D.E. 134, 135. Garza appealed to the Fifth Circuit Court of Appeals which also denied him a Certificate of Appealability. D.E. 152. Garza then filed a second § 2255 motion that was dismissed as second or successive in February 2013. D.E. 153, 155, 156.

## II. MOVANT'S CLAIMS

Garza claims that he was forced to go to trial, despite his intention to admit his guilt, when the Court refused to accept his guilty plea. He claims he should be resentenced to a 10 year prison term, the statutory minimum sentence without the § 851 enhancement.

## III. ANALYSIS

Garza's initial § 2255 complained that the trial court should have accepted his guilty plea and counsel was remiss in failing to continue pursuing a guilty plea. D.E. 127 at 5-6. Garza's second filing argued that new United States Supreme Court opinions supported his claims. Missouri v. Frye, — U.S. ----, 132 S.Ct. 1399 (2012) and Lafler v. Cooper, — U.S. ----, 132 S.Ct. 1376 (2012).[1] Both cases were decided after this Court denied his original petition. Garza's current petition urges reconsideration of this Court's previous decision(s) pursuant to Rule 60(b)(6). Fed. R. Civ. P. 60(b)(6).

---

[1] The cases were decided on March 21, 2012.

**A.     Rule 60(b)**

The Federal Rules of Civil Procedure apply to federal habeas petitions "only to the extent that [they are] not inconsistent with applicable federal statues and rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2013).

Rule 60(b) provides that "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect," 2) "newly discovered evidence," 3) misconduct of adverse party, 4) void judgment, 5) judgment satisfied, or 6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

In some instances, a defendant bringing a Rule 60(6) motion may run afoul of the prohibition on second or successive motions. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (post-judgment motion pursuant to Rule 60(b) may be construed as second or successive § 2254); Williams v. Thaler, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). It is only when a Rule 60 or 59(e) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. Gonzalez, 524 U.S. at 532; United States v. Hernandes, 708 F.3d 680, 681 (5th Cir. 2013) ("where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion.").

Garza's motion does not attack a procedural defect in this Court's resolution of his prior claims. Instead, Garza argues that this Court should use his equitable powers to correct his sentence. The Court finds that Garza's Rule 60(b)(6) motion is second or successive.

**B.      Second or Successive § 2255 Motion**

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Garza's motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any claim that could have been brought in his first § 2255 motion.

Garza's Rule 60(b) motion (D.E. 157) is DISMISSED as second or successive. United States v. Orozco-Ramirez, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Garza has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that Garza cannot establish at least one of the Slack criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Garza's motion (D.E. 157) is DISMISSED as second or successive, additionally, he is DENIED a Certificate of Appealability.

Ordered this 17th day of January 2014.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE